THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELL YOUNG, Also Known as WARDELL YOUNG, Appellant.—Judgment, Supreme Court, Bronx County, rendered July 26, 1977, convicting defendant, after jury trial, of criminal possession of a weapon in the second degree and assault in the second degree and sentencing him to concurrent indeterminate terms of four to eight years and two and one-half to five years, respectively, unanimously modified, on the law, to the extent of vacating the sentence on the conviction of criminal possession of a weapon in the second degree, reducing said conviction to possession of weapons and dangerous instruments and appliances, as a class D felony (former Penal Law, § 265.05, subd 2), remanding the matter for appropriate sentence thereon and, except, as thus modified, affirmed. There was ample proof to sustain the convictions. The weapons charge for which defendant was indicted and ultimately convicted, however, was possession of a loaded firearm with intent to use the same unlawfully against another, a class C felony (Penal Law, § 265.03). Section 265.03 did not take effect until September 1, 1974, whereas the crime was committed on August 8, 1974. Had defendant been charged under the proper statute (former Penal Law, § 265.05, subd 2), the People would have been required to prove only that he possessed a loaded firearm. But a violation of subdivision 2 of former section 265.05 constituted a class D felony, not the class C felony of which defendant was convicted. Clearly, the indictment and conviction on the weapons charge involved an ex post facto application of section 265.03, and neither the conviction of the particular crime nor the sentence can stand. However, the People under subdivision 2 of former section 265.05 were obliged, as with existing law, to prove possession of a loaded firearm. They were not required to prove an "intent to use the same unlawfully against another" to sustain a conviction. Those words were mere surplusage to the proper charge, which otherwise involved proof of the same elements of the crime of which defendant was convicted here. In effect, the jury found defendant guilty of a weapons possession in violation of subdivision 2 of former section 265.05 of the Penal Law with the added element of "with intent to use the same unlawfully against another." A modification of the weapons conviction to a violation of subdivision 2 of section 265.05 will not violate the prohibition against ex post facto application of the law. This is not an instance where conduct innocent at the time of commission is later made criminal by legislative enactment. *(People ex rel. Taylor v Jennings,* 134 Misc 586, 589-590.) Only the element of punishment is affected and our modification conforms both conviction and consequent sentence (after remand) to the then existing law. Nor are we amending the indictment to change the theory of the prosecution. The facts are the same and no possible prejudice inures to defendant. Sanction for this procedure is found in *Lindsey v Washington* (301 US 397). (See, also, *People ex rel. Horowitz v Lawes,* 168 Misc 772; *Matter of Nasti v Downs,* 169 Misc

989.) We have examined the other points raised and they are without merit. Concur—Lupiano, J. P., Evans, Markewich, Yesawich and Sullivan, JJ.