■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GRIFFIN, Appellant. — Appeal by defendant, as limited by his brief, from a resentence of the Supreme Court, Kings County (Feldman, J.), imposed June 8, 1981, upon his conviction of robbery in the first degree, after his plea of guilty, the resentence being an indeterminate term of imprisonment of 6 to 12 years. Resentence reversed, on the law, and original sentence of an indeterminate term of imprisonment of 4½ to 9 years, imposed on May 6, 1981, reinstated. Defendant was convicted, after a guilty plea, of robbery in the first degree (Penal Law, § 160.15) in connection with an incident that transpired on August 2, 1980. In accordance with a promise made at the time of plea, the court initially sentenced defendant to an indeterminate term of 4½ to 9 years' imprisonment, after adjudicating him a second felony offender based on his 1979 conviction for attempted criminal possession of a weapon in the third degree, a class E felony (Penal Law, §§ 110.00, 265.02). Subsequently, at the People's request, the court resentenced the defendant to an indeterminate term of 6 to 12 years' imprisonment as a second violent felony offender pursuant to section 70.02 (subd 1, par [c]) of the Penal Law. On August 2, 1980, the date that the crime was committed, the predicate felony was not deemed violent. The reclassifying amendment was enacted on June 13, 1980 and, by its terms, did not become effective until 60 days thereafter, i.e., on August 12, 1980 (L 1980, ch 233, §§ 2, 22). Defendant is entitled to be sentenced under the provisions of law which were in effect at the time the crime was committed (see, e.g., *People v Oliver,* 1 NY2d 152, 158; *People v Thompson,* 55 AD2d 528, 529; *People v McAtee,* 53 AD2d 791, 792). The statutory amendment may not be given the retroactive effect accorded it by Criminal Term (*People v Young,* 66 AD2d 666; *People v McAtee, supra;* LaFave & Scott, Criminal Law, § 12, pp

93-94; § 13, p 99; cf. *People v Balfour,* 95 AD2d 812). Accordingly, as the District Attorney commendably concedes, the original sentence must be reinstated. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.