■ In the Matter of the Estate of PETER G. SALZLER, Deceased. SALZLER BROTHERS, INC., Appellant; SUZANNE L. SALZLER, Respondent.—Order unanimously reversed on the law without costs and motion granted, in accordance with the following Memorandum: The court erred in denying the motion of Salzler Brothers, Inc. to disqualify the law firm of Saperston & Day, P. C. from continuing to represent Suzanne Salzler in an estate proceeding. Mrs. Salzler, as executrix of her husband's estate, commenced the proceeding for a determination of the validity of a 1980 stock redemption agreement between Salzler Brothers, Inc. and its shareholders, one of whom was Mrs. Salzler's husband. During Saperston's prior representation of Salzler Brothers, Inc., it reviewed the 1980 agreement, made extensive recommendations to modify it and in fact drafted a proposed replacement agreement. The substantial amount of legal work Saperston performed in connection with the agreement is reflected in its billings to Salzler Brothers, Inc.

A lawyer may not take a case against a former client in matters substantially related to the subject matter of the representation *(see, Cardinale v Golinello,* 43 NY2d 288, 295). Here, Saperston's prior representation of Salzler Brothers, Inc. was directly related to the issue presented in Mrs. Salzler's pending proceeding, namely, the interpretation and legal effect of the 1980 stock redemption agreement. Moreover, Saperston's disqualification is appropriate because it is likely that confidences of Salzler Brothers, Inc. would be revealed during Saperston's representation of Mrs. Salzler and because such continued representation would foster the appearance of impropriety *(see, Greene v Greene,* 47 NY2d 447; *People v Liuzzo,* 167 AD2d 963; *Forbush v Forbush,* 107 AD2d 375). Accordingly, the order is reversed, the motion to disqualify is granted and the law firm of Saperston & Day, P. C. is prohibited from disclosing any information obtained from their prior representation of Salzler Brothers, Inc. *(see, Flaum v Birnbaum,* 107 AD2d 1087, 1088). (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Disqualify Law Firm.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.