■ In the Matter of JOHN R. WILLARD et al., Appellants, v MICHELLE HAAB et al., Constituting the Zoning Board of Appeals of the Town of North East, Respondents, and MAPLEWOOD LAND DEVELOPMENT COMPANY, INC., Intervenor-Respondent.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered November 21, 1989 in Dutchess County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents granting a use permit to the intervenor.

Petitioners challenge a decision of the Zoning Board of Appeals of the Town of North East (hereinafter Board) to grant a use variance. In the summer of 1982, Aperture, Inc. (the predecessor in title of the intervenor, Maplewood Land Development Company, Inc. [hereinafter Maplewood]) first requested a use variance for property adjoining petitioners' land; Aperture sought to use the structure thereon, commonly known as the "Mouse-House" because laboratory mice had been raised there, for office space. The Board, on September 11, 1982, voted to conditionally grant the variance; however, a written decision, upon which the Board chairman's signature was affixed, implementing the Board's vote was apparently never voted on by the full Board. Several months later, Aperture requested a second and more expanded variance. This request was similarly granted in December 1982. The following year, petitioner Miriam C. Willard commenced the

first of several CPLR article 78 proceedings seeking review of the Board's decision to grant the second variance. Supreme Court remanded the decision solely to have the Board explain in nonconclusory fashion the need for certain modifications to building facilities and the impact of the expanded activities allowed by the second variance. Although Willard filed a notice of appeal from this decision, the appeal was later abandoned.

The Board's decision issued following the remand order prompted further article 78 review, and upon a second remand the Board, whose composition had in the interim been altered, failed to formally grant the second variance. Subsequently, Maplewood, as successor in interest to the first variance, applied for permission to use the property as professional office space. Although the Town's code enforcement officer denied the request, in September 1988 the Board reversed this determination.

In March 1988, during the pendency of Maplewood's appeal to the Board, the Town's Zoning Ordinance was amended to void a zoning permit 12 months from the date it was issued unless substantial progress had been made on the project since that date; the ordinance before its change permitted a lapse after six months.

Petitioners initiated the instant proceeding to have the Board's September 1988 decision annulled. The thrust of petitioners' argument is that Aperture had never been granted the very variance which is the premise of the favorable decision issued to Maplewood. Supreme Court found (1) that the question of whether the first use variance was ever granted was already judicially decided adversely to petitioners' interests, (2) that the lapse statute, as amended, applied to the variance, and (3) that the Board's finding of substantial progress was not arbitrary, illegal, irrational or an abuse of discretion. We affirm. Willard's implicit acknowledgement in the earlier petition that the earlier variance existed constitutes a judicial admission of this fact (see, *Technicon Elecs. Corp. v American Home Assur. Co.*, 141 AD2d 124, 144, *affd* 74 NY2d 66; *see generally,* Richardson, Evidence § 217, at 193-194 [Prince 10th ed]). In any event, we agree with Supreme Court that the issue may not be relitigated.

Whether the Board ever granted the first variance in September 1982 is an issue which was necessarily decided in an earlier judicial proceeding. The petition in the 1983 article 78 proceeding challenging the Board's determination alleged that the use permitted by the first variance enabled the applicant,

Aperture, to reasonably use the land and expect a fair return on investment; hence, the second variance, granted in December 1982, was unwarranted.

Although Willard did not choose at that time to attack the first variance's validity, whether it in fact existed was essential to Supreme Court's resolution of the correctness of the Board's decision to grant the second variance. When the court entertained the article 78 proceeding in November 1983, it explicitly found that the Board had granted the first variance and remanded the matter to the Board to determine "[w]hether the variance as initially granted [was] sufficient to allow the applicant a reasonable use of the land and a fair return of his *[sic]* investment". This earlier court's finding that the variance was granted, a finding which was not disturbed by petitioners' appeal, is *res judicata* on this court *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500). And, contrary to petitioners' argument, the record demonstrates that there was a full and fair opportunity to litigate this issue had the litigants so desired. That petitioners have altered their litigation strategy for the instant article 78 proceeding and now dispute the existence of the first variance does not evince an earlier inability to raise this claim.

Regarding the issue of which of the zoning ordinance lapse provisions applies, the general rule, and we see no reason to depart from it here, is that when a law is amended during an appeal's pendency, the law to be utilized is that in effect at the time the decision on appeal is rendered *(Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896, 897). Application of this principle dictates the conclusion that the original variance was valid for at least one year from its issuance on September 11, 1982.

To the extent that the petition charges that the Board's finding of activities constituting substantial progress is not supported by substantial evidence, we disagree. Aperture signed an occupancy agreement, used the building albeit in a limited fashion, entered into leasing agreements, requested an additional variance once it determined the first would be inadequate, and remained an active participant in the ongoing litigation which was aimed at challenging the variance it had been awarded, all manifesting activity effectuating the original variance. The Board's decision to interpret the term "substantial progress" in light of the ongoing appeal is neither

irrational nor unreasonable; given the uncertainty occasioned by the pending litigation, it would be unfair to expect Aperture to carry out major structural renovation. Because the Board's interpretation of its ordinance is reasonable, it is not to be disturbed (see, Taylor v Foley, 122 AD2d 205, 207).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.