■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY CARTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered August 2, 1989, convicting him of grand larceny in the third degree, grand larceny in the fourth degree (two counts), and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence as a second felony offender.

Ordered that the judgment is affirmed.

The defendant was convicted in 1985 in New Jersey for the theft of $623 by deception in 1983. This New Jersey conviction was the basis of his adjudication as a second felony offender. On appeal, the defendant contends that the sentencing court erred in sentencing him as a second felony offender because the predicate felony upon which his second offender status is based was obtained in another State and is not a felony in this State. We disagree. At the time the defendant committed the theft in New Jersey and at the time judgment was rendered in New Jersey, the crime would have been classified as grand larceny in the third degree, a class E felony, under the New York Penal Law *(see,* L 1986, ch 515, § 1). Generally, whether a prior conviction is a predicate felony conviction is to be determined by applying the provisions of the law which were in effect at the time the crime was committed *(see, People v*

*Oliver,* 1 NY2d 152, 158; *People v Griffin,* 97 AD2d 481; *People v McAtee,* 53 AD2d 791). Further, the amendments enacted in Laws of 1986 (ch 515), although ameliorative in nature, have only been applied to cases where the judgment was rendered after their effective date *(see, People v Behlog,* 74 NY2d 237; *People v Bergos,* 170 AD2d 611). Because the defendant's conviction in New Jersey of theft by deception carried a sentence of imprisonment in excess of one year in the foreign jurisdiction and its elements are equivalent to what was a felony in New York at the time the crime was committed and at the time the New Jersey judgment was rendered, this prior out-of-State conviction is a predicate felony conviction in New York *(see,* NJ Stats § 2C:20-2 [b] [2]; § 2C:43-6; Penal Law § 70.06 [1] [b] [i]; *People v Sailor,* 65 NY2d 224, 237; *People v Gonzalez,* 61 NY2d 586, 589).

We have reviewed the defendant's remaining contentions and find them to be without merit *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137; *see also, People v Pavao,* 59 NY2d 282; *People v Bennette,* 56 NY2d 142, 146; *People v Sandoval,* 34 NY2d 371, 377-378; *People v Portalatin,* 126 AD2d 577). Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.