■ In the Matter of PROPERTY DEVELOPER, INC., Respondent, v FRANK E. SWIATEK et al., Constituting the Town Board of the Town of Cheektowaga, Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in annulling responderts' determination to deny petitioner's special use permit application and in ordering respondents to grant petitioner a permit to operate a used car sales lot and a public garage at 2009 William Street, Cheektowaga. While this proceeding was pending in Supreme Court, respondents, on January 18, 1992, enacted a new zoning ordinance that did not permit the proposed use in the CM-General Commercial District in which petitioner's property was located.

Supreme Court was required to apply the new zoning ordinance to reach its decision, unless petitioner established that respondents acted in bad faith and unduly delayed acting upon its application until the zoning ordinance was changed (see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, 64 NY2d 921, 922; Rocco v City of Mount Vernon, 160 AD2d 863, 864; Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park, 145 AD2d 478).

The record does not demonstrate that respondents' delay in

determining petitioner's application until after the zoning ordinance was changed "was the product of malice, oppression, manipulation or corruption" *(Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665, 667). Petitioner's proposed use is prohibited under the new ordinance, and therefore, respondents properly denied petitioner's application *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, supra; Matter of Aversano v Two Family Use Bd., supra; Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park, supra).* (Appeal from Judgment of Supreme Court, Erie County, Wolf, Jr., J.—Article 78.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.