■ In the Matter of ANNA M. DUTTON et al., Appellants, v TOWN OF CANAAN et al., Respondents. [605 NYS2d 137] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 26, 1992 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Canaan granting permits to respondent EAC Systems, Inc. for a solid waste transfer station.

Petitioners are residents of the Town of Canaan in Columbia County who commenced this CPLR article 78 proceeding to set aside a determination of respondent Zoning Board of Appeals of respondent Town of Canaan (hereinafter ZBA). The ZBA upheld the issuance of zoning and building permits to respondent EAC Systems, Inc. for construction of a solid waste transfer station on U.S. Route 22 in the vicinity of the Exit B-3 interchange of the Berkshire Spur of the Thruway and determined that it was a permitted use within the Town's commercial light industry and manufacturing zone. The petition and amended petition predicate petitioners' contentions on the ground that the proposed transfer station was in fact a "Junk Yard", which is a prohibited use under the Town's zoning law. Supreme Court held that petitioners failed to demonstrate that the ZBA determinations were illegal, arbitrary or an abuse of discretion, found them to be supported by substantial evidence in the record and dismissed the petition on the merits. Petitioners have appealed to this Court.

On July 27, 1993, after the perfection of this appeal and filing of the briefs, the Town adopted Local Law No. 2 which amended article II of the Town's zoning law. Local Law No. 2 amended the definition of "Junk Yard" found in the zoning law to provide that "[a] transfer station as defined herein shall not be considered to be a Junk Yard". Inasmuch as the instant appeal is focused upon the issue of whether the ZBA acted arbitrarily, capriciously or unlawfully in finding that the solid waste transfer facility proposed by EAC was not a "Junk Yard" as defined in the zoning law, the amendment in Local Law No. 2 has obviated the issue and essentially rendered the appeal moot.

This Court has held: "the general rule, and we see no reason to depart from it here, is that when a law is amended during an appeal's pendency, the law to be utilized is that in effect at the time the decision on appeal is rendered" *(Matter of Willard v Haab,* 170 AD2d 820, 822, *lv denied* 78 NY2d 854). *(See, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922; *Matter of Demisay, Inc. v Petito,* 31 NY2d 896, 897; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 688-689.)

We find no reason to depart from the general rule in this case and, accordingly, dismiss the appeal as moot.

Mercure, Cardona, White and Mahoney, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.