In the Matter of KEN BALDASSARE, Respondent, v PLAN-NING BOARD OF THE TOWN OF ITHACA et al., Appellants. [607 NYS2d 459] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered October 26, 1992 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Planning Board of the Town of Ithaca denying petitioner's request for, *inter alia*, a special approval.

Petitioner is the contract lessee of certain property located in the Town of Ithaca, Tompkins County. The property in question is located in a district zoned Business C. In March 1991, petitioner submitted to respondent Planning Board of the Town of Ithaca a site plan for the development of a take-out restaurant on the property. Following a public hearing, petitioner's application was denied due to, *inter alia*, traffic concerns. Petitioner thereafter commissioned a traffic study and, in January 1991, submitted a new application for the Planning Board's consideration. While petitioner's application was pending, the Town amended its Zoning Code to provide that restaurants were conditionally permitted uses in a Business C district only "upon receipt of a special approval from

the Board of Appeals following a favorable recommendation for same from the Planning Board". The Planning Board thereafter reviewed petitioner's application and, applying the criteria set forth in Zoning Code § 78, denied site plan approval and declined to recommend a special approval for the project.

Petitioner thereafter commenced this CPLR article 78 proceeding to annul the Planning Board's determination. Supreme Court granted the petition, finding that the standards set forth in Zoning Code § 78 applied to special use permits, not applications for a special approval, and concluded that the Planning Board's determination was therefore affected by an error of law. This appeal by respondents followed.

While this appeal was pending, the Town amended its Zoning Code and made the criteria set forth in section 78 thereof expressly applicable to applications for a special approval. As a general rule, "when a law is amended during an appeal's pendency, the law to be utilized is that in effect at the time the decision on appeal is rendered" (Matter of Willard v Haab, 170 AD2d 820, 822, lv denied 78 NY2d 854; see, Matter of Demisay, Inc. v Petito, 31 NY2d 896, 897; Matter of Dutton v Town of Canaan, 199 AD2d 659, 660). We can discern no reason for departing from the general rule in this case, and we therefore find that the Planning Board's application of the criteria set forth in Zoning Code § 78 was not inappropriate. We further find, based upon our review of the record as a whole, that the Planning Board's determination in this matter is supported by substantial evidence (see generally, Matter of Moody Hill Farms v Zoning Bd. of Appeals, 199 AD2d 954, 956). Accordingly, the petition must be dismissed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.