■ CHRISTOPHER M. MURPHY, Appellant, v ROBERT R. COLBERT, JR., et al., Respondents. (And Another Related Action.) [610 NYS2d 106] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 23, 1992 in

Tompkins County, which granted defendants' motion to disqualify plaintiff's counsel.

These actions, alleging, *inter alia,* wrongful eviction, conversion and false arrest, were commenced by plaintiff in 1981 and 1983. In 1983, plaintiff retained Robert Clune of the law firm of Williamson, Clune & Stevens (hereinafter the firm) as his attorney of record. In October 1990, defendants' counsel became aware that Clune's law partner, Robert Williamson, had a partnership interest in defendant Delta Apartments Company and requested that Clune withdraw as counsel for plaintiff. Upon Clune's refusal, defendants moved for an order disqualifying plaintiff's counsel. Supreme Court granted the motion and plaintiff appeals.

We agree with plaintiff that defendants' application was barred by laches and accordingly reverse. It is uncontroverted that defendants were aware of the facts forming the basis for the claim of conflict from the time of the firm's 1983 appearance as attorneys of record for plaintiff and no excuse has been offered for the seven-year delay in seeking disqualification. The fact that the objection was raised shortly following the substitution of defendants' current counsel strikes us as inconsequential. In balancing plaintiff's interest in retaining counsel of his own personal choice against defendants' right to be free from the apprehension of prejudice *(see, Demis v Demis,* 168 AD2d 840, 841, *lv dismissed* 78 NY2d 1007), given the inordinate delay and the absence of any claim or evidence that Clune or Williamson gained any relevant privileged information as the result of Williamson's relationship with Delta Apartments Company, the motion should have been denied *(see, Lewis v Unigard Mut. Ins. Co.,* 83 AD2d 919, 920).

Mikoll, J. P., Crew III and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.