■ In the Matter of the Estate of GEORGE E. LAMBROU, Deceased. EVLAMBIA-ELEFTHERIA G. LAMBROU, as Executrix of GEORGE E. LAMBROU, Deceased, Respondent; CONSTANTINOS LAMBROU, Appellant. [617 NYS2d 551] —Mikoll, J. P. Appeal from an order of the Surrogate's Court of Tompkins County (Friedlander, S.), entered November 12, 1993, which, *inter alia,* denied respondent's cross motion to dismiss the proceeding on the ground of lack of subject matter jurisdiction.

Petitioner, as executrix of her deceased husband's estate, commenced a proceeding seeking to compel discovery of respondent, decedent's brother and business associate, pursuant to SCPA 2103. Petitioner seeks an order directing respondent to be examined and directing discovery regarding the real property owned by decedent and respondent and information pertaining to respondent's management of the travel agency owned by the brothers. In a second order to show cause, petitioner sought an order disqualifying respondent's counsel, Holmberg, Galbraith, Holmberg, Ordin and Bennett (hereinafter the Holmberg firm), from representing respondent on conflict of interest grounds because one of the attorneys in that firm, Dirk Galbraith, had allegedly represented both respondent and decedent in numerous business ventures including the drafting of a cross-purchase agreement relating to the disposition of the real estate and the management of same upon the death of one of the owners. Respondent cross-moved to dismiss petitioner's discovery proceeding on the ground of lack of jurisdiction and, alternatively, to have petitioner's

attorneys disqualified, also on conflict of interest grounds. Surrogate's Court granted petitioner's motion for disqualification of the Holmberg firm and denied respondent's cross motion in its entirety.

Two issues are raised on this appeal by respondent: (1) whether Surrogate's Court appropriately disqualified defendant's attorney, and (2) whether Surrogate's Court has jurisdiction over a discovery proceeding pursuant to SCPA 2103 in the instant circumstances.*

Regarding the disqualification of counsel, it is well settled that "[t]he right to counsel of choice is not absolute and may be overridden where necessary" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443). A determination of the issue requires a balancing of one party's "interest in retaining counsel of his [or her] own personal choice against [the other party's] right to be free from the apprehension of prejudice" (Murphy v Colbert, 203 AD2d 619, 620). Here, we agree with the conclusion of Surrogate's Court that petitioner sustained her burden in demonstrating that disqualification was appropriate. Petitioner's moving papers demonstrated a substantial relationship between the subject matter of the Holmberg firm's previous representation of the partnership and petitioner's interest in the subject litigation (see, Matter of Salzler, 170 AD2d 1002). Thus, Surrogate's Court did not abuse its discretion in disqualifying the Holmberg firm (see, Matter of Reichenbaum v Reichenbaum & Silberstein, 162 AD2d 599, 601, lv dismissed 77 NY2d 873).

Respondent, in his second challenge on appeal, contends that Surrogate's Court erred in denying his motion to dismiss the proceeding. Respondent urges that petitioner's allegations do not fit within SCPA former 2103 in that such a proceeding can only be brought when it is alleged that another person possesses specific "money or * * * personal property or the proceeds or value thereof" (SCPA 2103 [former (1)]) and does not include the enforcement of contractual rights which is the basis for the underlying cause of action brought against respondent.

Respondent contends that while the Legislature did amend SCPA 2103 (1) and (2) in July 1993 (L 1993, ch 514, § 48) to permit such a proceeding over "property" as defined in SCPA 103, this legislation was not effective as of the decision date in this matter. We disagree. The general rule, where a statute is

_____

* Respondent does not challenge on appeal the denial of his request to have petitioner's attorneys disqualified.

amended during an appeal's pendency, is that "the law to be utilized is that in effect at the time the decision on appeal is rendered" *(Matter of Willard v Haab,* 170 AD2d 820, 822, *lv denied* 78 NY2d 854; *accord, Matter of Dutton v Town of Canaan,* 199 AD2d 659, 660). We note, too, that case law and common practice had already expanded the use of this statute to include contract and realty concerns. The amendment by the Legislature was expressly made to recognize and codify the existing expansive interpretation *(see,* Turano, 1993 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2103, 1994 Pocket Part, at 131, 135-136; Second Report of EPTL-SCPA Legis Advisory Commn, 1993 McKinney's Session Laws of NY, at 2262, 2263). Finally, we note that petitioner also identified a number of different specific bank accounts, assets or other property under respondent's control that would clearly be discoverable. We hold that Supreme Court ruling vis-à-vis discovery was entirely correct.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.