■ In the Matter of HANS SCHACHENMAYR, Appellant, v TOWN OF NORTH ELBA BOARD OF ASSESSORS, Respondent. (And 15 Other Related Proceedings.) [634 NYS2d 239] —Peters, J. Appeal from an order of the Supreme Court (Duskas, J.H.O.), entered February 10, 1995 in Essex County, which, in eight proceedings pursuant to RPTL article 7, granted respondent Town of North Elba Board of Assessors' motion to disqualify petitioners' counsel.

Attorney Gregory Dennin served as Town Justice of the

Town of North Elba in Essex County from 1990 until 1994. During such time, Dennin represented petitioners in various tax certiorari proceedings which were commenced against, among others, respondent Town of North Elba Board of Assessors. In March 1994, approximately 10 days before a scheduled trial date and over four years since Dennin had first assumed the position of Town Justice, respondent moved to disqualify him and his law firm, Dennin & Dennin, from representing petitioners in these tax certiorari proceedings by alleging a conflict of interest presented by Dennin's status as the Town Justice.

Pursuant to an earlier request, Dennin thereafter received an opinion from the Advisory Committee on Judicial Ethics regarding the propriety of serving as attorney for petitioners in these proceedings while simultaneously serving as the Town Justice. Opinion 94-29 issued by the Committee on March 10, 1994 concluded that a Town Justice may not represent private clients in certiorari proceedings against the town where the Justice's court is located. Upon receipt thereof, Dennin immediately resigned as Town Justice.

Despite such resignation, Supreme Court granted respondent's motion to disqualify Dennin and his firm. Upon granting Dennin's request for reargument, prompted by his receipt of an informal opinion from the State Bar Association Committee on Professional Ethics which advised that no ethical considerations would preclude him from representing petitioners following his resignation, Supreme Court nonetheless adhered to its initial determination of disqualification. Petitioners appeal.

While the right to counsel of choice is not absolute and may be overridden to further a compelling public interest or protect a party's right to be free from the apprehension of prejudice, it is axiomatic that any restriction upon this freedom must be carefully scrutinized (*see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443; *Matter of Abrams [Anonymous]*, 62 NY2d 183, 196; *Matter of Estate of Lambrou*, 208 AD2d 1093, 1094; *Murphy v Colbert*, 203 AD2d 619, 620). Noting that the Code of Professional Responsibility sets forth ethical standards intended to guide the professional conduct of attorneys, it has been held that when "matters of professional conduct directly involve * * * the interests of clients and others—the Code provisions cannot be applied as if they were controlling statutory or decisional law" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra*, at 443). Hence, while not bound by the provisions therein, the courts have instead

weighed the totality of the circumstances when disqualification is raised. Such analysis "requires a balancing of one party's 'interest in retaining counsel of his [or her] own personal choice against [the other party's] right to be free from the apprehension of prejudice'" (*Matter of Lambrou*, 208 AD2d 1093, 1094, quoting *Murphy v Colbert*, 203 AD2d 619, 620). It thus becomes respondent's burden to demonstrate that disqualification is appropriate. We find that respondent has failed to sustain his burden.

While we agree that Dennin created an appearance of impropriety when he simultaneously assumed the position of Town Justice and the representation of petitioners in the tax certiorari proceedings against respondent (*see*, 22 NYCRR 100.5 [h]; Code of Judicial Conduct Canon 2; Advisory Comm on Judicial Ethics Opn 94-29; *see also*, Code of Professional Responsibility DR 8-101 [A] [2] [22 NYCRR 1200.42 (a) (2)]), we find that the appearance occasioned by this dual role was purged when Dennin resigned his position as Town Justice. Considering the totality of the circumstances and the aforementioned balancing of equities, we note the inordinate length of time which elapsed between the initial commencement of proceedings in 1990 and respondent's motion to disqualify Dennin and his firm. We further note the absence of any prejudice to respondent since there exists no allegation that petitioner acquired any confidential information relating to these proceedings as a result of his former position and a lack of evidence suggesting any actual misconduct (*see, Murphy v Colbert, supra; see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra*). Accordingly, respondent's motion to disqualify Dennin and his law firm should have been denied.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and motion denied.