■ In the Matter of PAUL D. WALLO, Respondent-Appellant, v TOWN OF ORLEANS ZONING BOARD OF APPEALS et al., Appellants-Respondents. [637 NYS2d 587] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner commenced this proceed-

ing to annul a determination of respondent Zoning Board of Appeals (ZBA) that granted a special use permit to Richard Hutchinson for the construction of a barn for the storage of construction equipment. The ZBA determined that the proposed use was "substantially the same" as an automobile service station or a machine and welding shop, which are permitted special uses under the Town's Zoning Ordinance. Supreme Court granted the petition and annulled the determination, concluding that the proposed use was not a special use authorized by the Zoning Ordinance and that the ZBA lacked the authority to interpret the Zoning Ordinance to include the proposed use.

After respondents took this appeal, the Town Board of the Town of Orleans amended its Zoning Ordinance to include storage buildings as a special use and to authorize the ZBA to determine whether any proposed use "substantially and practically" complies with the requirements of the Zoning Ordinance. "[W]hen a law is amended during an appeal's pendency, the law to be utilized is that in effect at the time the decision on appeal is rendered" (*Matter of Baldassare v Planning Bd.*, 200 AD2d 948, 949, quoting *Matter of Willard v Haab*, 170 AD2d 820, 822, *lv denied* 78 NY2d 854; *see also, Matter of Dutton v Town of Canaan*, 199 AD2d 659, 660), unless petitioner can establish that respondents acted in bad faith and unduly delayed acting upon the application while the ordinance was changed (*see, Matter of Property Developer v Swiatek*, 190 AD2d 1078, *lv denied* 82 NY2d 653). There is no question that the proposed use constitutes a "storage building" and is a permitted special use under the Zoning Ordinance, as amended. Further, petitioner has failed to show that respondents acted in bad faith or that there was undue delay. Because the ZBA's grant of a special use permit was not arbitrary or capricious and is supported by substantial evidence, we dismiss the petition. (Appeals from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.