■ In the Matter of RUTH TT., Alleged to be an Incapacitated Person. JANICE McGHEE, Petitioner; RUTH TT., Appellant. GLENS FALLS NATIONAL BANK AND TRUST COMPANY, Respondent. [699 NYS2d 195] —Mugglin, J. Appeal from an order

and judgment of the Supreme Court (Dier, J.), entered August 3, 1998 in Warren County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to appoint a guardian for the personal needs/property management of respondent.

On June 5, 1998, Supreme Court issued an order to show cause returnable June 16, 1998. In the interim, for the protection of the alleged incompetent person (hereinafter AIP), Supreme Court appointed her grandniece temporary guardian of her person, Wayne Judge as temporary guardian of her property and John Carusone as her counsel. On the return date of the order to show cause, Mark McCarthy appeared as retained counsel for the AIP. Supreme Court did not revoke the appointment of assigned counsel but directed that the two attorneys act as cocounsel. A court evaluator was also appointed by the order to show cause and filed a report with the court on the return date. The report recommended that a guardian of the person and a guardian of the property be appointed and that the AIP attend any court hearing regarding the matter.

At the next appearance on June 25, 1998, Carusone advised Supreme Court that he and McCarthy had consulted with the AIP and that she would consent to the appointment of a guardian of her person and her property on condition that Robert Morris, her former counsel, would resign as a trustee of two trusts of which she was a beneficiary. Although counsel for petitioner advised the court that he was prepared with subpoenaed lay and medical witnesses to proceed with a full evidentiary hearing, no hearing was held.

The counsel for the parties were next before Supreme Court on July 8, 1998. The AIP was not present on this occasion. Morris' resignation had not yet been received, apparently because McCarthy's position had now become that there was no need for the appointment of a guardian. Nevertheless, upon the recommendation of Carusone, the court appointed the AIP's grandniece as the guardian of her person and Glens Falls National Bank and Trust Company as guardian of her property. The AIP and the guardian of her person appeal from this order and judgment.

The order and judgment must be reversed. Mental Hygiene Law § 81.10 (a) provides: "Any person for whom relief under this article is sought shall have the right to be represented by legal counsel of the person's choice." Section 81.11 (a) provides: "A determination that the appointment of a guardian is necessary for a person alleged to be incapacitated shall be made only after a hearing." At the hearing, the burden of proving

incapacity by clear and convincing evidence is on the petitioner (*see*, Mental Hygiene Law § 81.12 [a]). In accordance with Mental Hygiene Law § 81.15 (a), if the court determines that a person agrees to the appointment and that the appointment is necessary, the court must make the following findings on the record:

"1. [T]he person's agreement to the appointment;

"2. [T]he person's functional limitations which impair the person's ability to provide for personal needs or property management;

"3. [T]he necessity of the appointment of a guardian as a means for providing for personal needs and/or property management for the person;

"4. [T]he specific powers of the guardian which constitute the least restrictive form of intervention consistent with the person's functional limitations, and

"5. [T]he duration of the appointment.

All of the above referenced statutory provisions were largely ignored by Supreme Court rendering the order and judgment essentially unreviewable since no hearing was held at which evidence was introduced in support of the court's findings. The finding of incapacity was made solely upon the report of the court evaluator (who was not cross-examined and whose report therefore was not introduced into evidence [*see*, Mental Hygiene Law § 81.12 (b)]) and the recommendation of the court-assigned attorney. As a result, it is not possible on this record to determine whether the powers granted to either the guardian of the person or guardian of the property are the least restrictive form of intervention or, for that matter, whether there is clear and convincing evidence of incapacity (*see, e.g., Matter of Maher v Maher*, 207 AD2d 133, *lv denied* 86 NY2d 703; *Matter of Lula XX.*, 224 AD2d 742, *lv dismissed* 88 NY2d 842).

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and the matter remitted to the Supreme Court for an evidentiary hearing with respondent represented by counsel of her choice.