■ In the Matter of RUTH TT. GLENS FALLS NATIONAL BANK AND TRUST COMPANY, Respondent; JAMES GRAVENER et al., Ap-

pellants, and HYDE COLLECTION et al., Respondents. [725 NYS2d 442] —Mugglin, J. Appeal from an order of the Surrogate's Court of Warren County (Austin, S.), entered December 11, 2000, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to disqualify De Graff, Foy, Holt-Harris and Kunz, L. L. P. and Daniel L. Doherty from representing respondents James Gravener, Robert Gravener and Janice McGhee in this proceeding.

Following this Court's reversal of a Supreme Court order and judgment appointing guardians of the person and property of the alleged incompetent (*Matter of Ruth TT.*, 267 AD2d 553), Supreme Court rescheduled the matter and, after conducting the appropriate hearing, appointed Karen McGowan as guardian of the person of Ruth TT. and limited guardian of the historic legal files of Ruth TT. Supreme Court also appointed petitioner special guardian for purposes of accounting in Surrogate's Court with respect to its handling of the inter vivos trust of Ruth TT. and for purposes of appointing a successor trustee. Notably, Supreme Court neither appointed a guardian of the property of Ruth TT. (in view of the existing trust), nor did it ratify and confirm the validity of the trust instrument. During these proceedings, McGowan was represented by Daniel L. Doherty and the law firm of De Graff, Foy, Holt-Harris and Kunz, L. L. P. (hereinafter the De Graff firm).

Proceeding in accordance with the Supreme Court decision, petitioner filed its accounting in Surrogate's Court and sought an order disqualifying Doherty and the De Graff firm from representing respondents James Gravener, Robert Gravener and Janice McGhee (hereinafter collectively referred to as respondents), three distributees of Ruth TT. who in this proceeding seek to challenge the validity of the trust. The basis for the disqualification is that McGowan's attorneys had access to Ruth TT.'s historic legal files in the prior proceedings and, thus, they gained access to whatever secrets and confidential information were contained in those files solely as a result of their representation of the guardian of the person of Ruth TT. Surrogate's Court determined that such access gives these attorneys either an unfair advantage in this litigation or, at the least, creates an appearance of impropriety and disqualified them from representing the distributees. Respondents appeal, and we affirm.

As a preliminary matter, we hold that petitioner has standing to move to disqualify respondents' attorneys because petitioner is acting in a fiduciary capacity in this proceeding (*see*, Mental Hygiene Law § 81.20 [a] [2], [3]), and such motion is consistent with petitioner's fiduciary duty.

Only if there was an abuse of discretion may the disqualification order of Surrogate's Court be overturned (*see, Bullard v Coulter*, 246 AD2d 705; *Matter of Lambrou*, 208 AD2d 1093). Moreover, it is well settled that a grantor is presumed to be competent at the time the trust is established and the burden of showing incapacity is upon the party asserting it (*see, Feiden v Feiden*, 151 AD2d 889). Here, the court relied on Code of Professional Responsibility DR 4-101 (b) (22 NYCRR 1200.19 [b]). In pertinent part, this rule bars attorneys from revealing confidences or secrets of a client or using a confidence or secret of a client to the disadvantage of that client or to the advantage of a third party. Consequently, a court may disqualify an attorney from representing a client where such representation would jeopardize confidences or secrets obtained in the representation of another client (*see, Greene v Greene*, 47 NY2d 447). In addition, "[a]n attorney for a fiduciary has the same duty of undivided loyalty to the *cestui* as the fiduciary himself" (*Matter of Clarke*, 12 NY2d 183, 187).

Here, the duty of the guardian of the person would be to protect the interests of Ruth TT., including protecting the apparent intent that she had to leave the bulk of her estate to charity. Not only is this demonstrated by the terms of the trust which is at issue, but also by the terms of her two previous wills. In contrast, the goal of the distributees is to have this trust invalidated by reason of the claimed lack of mental capacity of Ruth TT. The guardian's consent to the use of the confidential legal file of Ruth TT. for this purpose is inconsistent with her fiduciary duty. Given the obvious nature of the conflict, we cannot say that Surrogate's Court has abused its discretion.

We have considered respondents' remaining contentions and find them to be unpersuasive.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.