█  In the Matter of GRIFFITH DAVID EVANS, as Administrator of the Estate of GRIFFITH DANIEL EVANS, Deceased, Respondent, v TOWN OF GREENFIELD ZONING BOARD OF APPEALS et al., Appellants. [770 NYS2d 773]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered January 16, 2003 in Saratoga County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town of Greenfield Zoning Board of Appeals denying petitioner's application to subdivide certain property.

Decedent, who owned two large parcels of land in the Town of Greenfield, Saratoga County, died intestate in 1983. In 2002, petitioner, decedent's son and the administrator of decedent's estate, applied to respondent Gerard McKenna, the Town of Greenfield Zoning Administrator, for permission to subdivide the two parcels into three separate lots. In so doing, petitioner relied upon Greenfield Town Code § 105.22 (A), which permits, in certain circumstances, family members to subdivide property without applying to the Town's Planning Board for approval. McKenna denied petitioner's application, finding that the cited code provision expired by its own terms in 1995 and, hence, no longer was effective. Petitioner thereafter applied to respondent Town of Greenfield Zoning Board of Appeals (hereinafter the Board) for an interpretation of Greenfield Town Code § 105.22 (A) and, following an appearance before the Board, petitioner's application was denied. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 against McKenna, the Board and respondent Town of Greenfield seeking to annul the Board's determination. Supreme Court granted petitioner's application, and this appeal by respondents ensued.

Although it is not clear from the record whether the Board was acting in a judicial or quasi-judicial capacity in reviewing

McKenna's denial of petitioner's application or, rather, was acting in an administrative capacity in reviewing and interpreting the relevant provision of the Town Code (*see Matter of Moody Hill Farms v Zoning Bd. of Appeals of Town of North East,* 199 AD2d 954, 955 [1993], *lv denied* 83 NY2d 755 [1994] [discussing circumstances under which a zoning board of appeals may appeal the annulment of its own determination]), the Board's authority to undertake this appeal need not detain us, as it is apparent that the Town, which certainly has an interest in upholding its own laws, may pursue the instant appeal. Turning to the merits, the record reflects that during the pendency of this appeal, the Town adopted Local Law No. 2 (2003) of the Town of Greenfield amending the Town Code and effectively repealing Greenfield Town Code § 105.22 (A) permitting the subdivision of property among family members. Hence, the provision of the Town Code upon which petitioner relied no longer exists. In this regard, the case law makes clear that where, as here, a law is amended during the pendency of an appeal, we are required, absent bad faith or detrimental reliance, to apply the law as it exists at the time of our decision (*see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.,* 64 NY2d 921, 922 [1985]; *Matter of Wallo v Town of Orleans Zoning Bd. of Appeals,* 224 AD2d 941, 942 [1996]; *Matter of Baldassare v Planning Bd. of Town of Ithaca,* 200 AD2d 948, 949 [1994]). Despite petitioner's conclusory claims to the contrary, we find no evidence of bad faith or detrimental reliance in the record before us. Accordingly, Supreme Court's judgment is reversed and the underlying petition is dismissed.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.