In the Matter of ROBERT HAWLEY, Appellant, v VILLAGE OF PENN YAN et al., Respondents. (Appeal No. 2.) [827 NYS2d 390]—

Appeal from a judgment (denominated order) of the Supreme Court, Yates County (Dennis F. Bender, A.J.), entered May 13, 2005 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied the petition in part.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, a judgment ordering respondent Village Board of Trustees of the Village of Penn Yan to comply with his request under the Freedom of Information Law ([FOIL] Public Officers Law § 84 *et seq.*) for an unredacted list of the telephone calls made and received by respondent Mayor during a two-month period on a cellular telephone paid for by respondent Village of Penn Yan. In response to that request, petitioner received the cellular telephone bills for that two-month period, with all but one of the telephone numbers redacted. Contrary to petitioner's contention, Supreme Court properly granted the petition only in part, granting petitioner "the right to examine all requested telephone records, excluding unlisted wired and wireless numbers."

"FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994] [internal quotation marks omitted]; *see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 565-566 [1986]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79-80 [1984]). The exemption to disclosure at issue here is where disclosure "would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). "What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities . . . . This determination requires balancing the competing interests of public access and individual privacy" (*Matter of Dobranski v Houper*, 154 AD2d 736, 737 [1989]; *see Matter of Pennington v Clark*, 16 AD3d 1049, 1051-1052 [2005], *lv denied* 5 NY3d 712 [2005]). "[I]n the situation in which a person chooses to have an unlisted phone number, he or she is likely suggesting, in essence, that disclosure of the number would, in his or her view, be unnecessarily intrusive or result in an unwarranted invasion of personal

privacy" (NY Dept of State Comm on Open Govt, FOIL Advisory Op 9197 [1995]; *see also* FOIL Advisory Op 8740 [1995]). We therefore conclude that petitioner is not entitled to disclosure of the unlisted telephone numbers.

Contrary to the further contention of petitioner, the court properly refused to award him legal fees inasmuch as the agency had a "reasonable basis for denying access" (Public Officers Law § 89 [4] [c] [i], as amended by L 2006, ch 492, eff Aug. 16, 2006; *see generally Matter of Wallo v Town of Orleans Zoning Bd. of Appeals*, 224 AD2d 941, 942 [1996]). Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.