People v Torres (2020 NY Slip Op 00480)





People v Torres


2020 NY Slip Op 00480


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Kern, Oing, González, JJ.


5646/14 10831A 48/15 10831

[*1] The People of the State of New York, Respondent,
v
Janner Torres, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgments, Supreme Court, New York County (Gregory Carro, J.), rendered April 29, 2016, as amended May 13, 2016, convicting defendant, after a jury trial, of predatory sexual assault against a child (three counts), course of sexual conduct against a child in the first degree (two counts), rape in the first degree (two counts), criminal sexual act in the third degree, rape in the second degree and incest in the second and third degrees, and sentencing him to an aggregate term of 42&frac13; years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the convictions under counts 7, 8, and 10 of Indictment 48/15 and dismissing those counts, reducing the conviction of second-degree incest to incest (former Penal Law § 255.25) and remanding for resentencing on that conviction only, and otherwise affirmed.
The People concede that the counts indicated should be dismissed as inclusory concurrent counts. They also concede that the conviction of second-degree incest (Penal Law § 255.26) violated the Ex Post Facto Clause, because it was based on conduct occurring before the statute creating that crime became effective. Accordingly, we reduce this count to incest (not divided into degrees), which was the equivalent offense at the time of defendant's conduct (former Penal Law § 255.25). Because incest was a class E felony with a different sentencing range than the class D felony of which defendant was convicted, we remand for resentencing on the modified count (see People v Young, 66 AD2d 666 [1st Dept 1978]). We reach these unpreserved issues in the interest of justice.
However, defendant's remaining Ex Post Facto claim is unavailing. One of the counts of first-degree course of sexual conduct against a child was based on conduct that ended before a statutory amendment expanded the definition of "sexual conduct," which is an element of this offense (Penal Law § 130.75[1][b]). Nevertheless, the particular conduct cited by defendant as being added by the amendment had no relevance to the factual allegations of this case. Accordingly, there was no Ex Post Facto violation because the statutory change at issue "had no effect on the defendant" (Dobbert v Florida, 432 US 282, 300 [1977]).
After a lengthy colloquy in which defendant received a full opportunity to be heard, the court providently exercised its discretion in denying defendant's request for assignment of new counsel, which was made shortly before trial. Defendant did not establish good cause for a substitution, and the court properly denied the request in light of "the timing of the motion" and the court's expression of "confidence in the abilities of defense counsel" (People v Porto, 16 NY3d 93, 101 [2010]). While defendant's main specific complaint involved a lack of communication about a list of witnesses he wanted his counsel to interview, there is no reason to believe that a change of counsel would have improved this situation. We note that counsel went on to call appropriate witnesses at trial, and that there is no indication that any witnesses with information material to the defense were omitted. We also note that counsel's permissible [*2]explanation of his own performance did not create a conflict (see People v Nelson, 7 NY3d 883 [2006]).
The court's final jury charge properly "referred to defendant as an interested witness and permitted the jury to consider whether any witness's interest or lack of interest in the outcome of the case affected the witness's truthfulness" (People v Wilson, 93 AD3d 483, 484 [1st Dept], lv denied 19 NY3d 978 [2012]; see also People v Inniss, 83 NY2d 653, 659 [1994]).
The court's denial of defense counsel's request to repeat in the final jury charge its instruction that the indictment is not evidence, as the court had told the jury during jury selection and again at the outset of trial, does not warrant reversal (see People v Hernandez, 294 AD2d 230 [1st Dept 2002]). The court's preliminary instructions that the indictment is not evidence was clear and unambiguous, and the final jury charge instructed the jury to consider only the evidence, defined evidence appropriately, and reminded the jury of the presumption of innocence (see People v Greaves, 94 NY2d 775 [1999]).
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). After the prosecution explained its reasons for the challenge at issue, defense counsel remained silent and raised no objection when the court accepted these reasons as nonpretextual. Although the court ruled on the issue of pretext, defendant failed to preserve the particular arguments to the contrary that he raises on appeal (People v Allen, 86 NY2d 101, 111 [1995]). Defendant likewise failed to preserve his claim that the court failed to follow the proper Batson protocols (see People v Richardson, 100 NY2d 847, 853 [2003]). We decline to review these claims in the interest of justice. As an alternative holding, we find them unavailing. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK