The People of the State of New York, Respondent, 
against
Carlos Galindo, Appellant. 

New York City Legal Aid Society (Jeffrey Dellheim of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Josette Simmons McGhee of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered August 18, 2016. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se), driving while intoxicated (common law), consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle, and imposed sentence. The appeal brings up for review an order of that court dated July 27, 2015 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
ORDERED that the judgment of conviction is reversed, on the law, the order dated July 27, 2015 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the fines imposed, if paid, are remitted.
On January 4, 2014, defendant was arraigned on a misdemeanor information charging him with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), parking within 15 feet of a fire hydrant (Vehicle and Traffic Law § 1202 [b] [1]), consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). After a jury trial on all six charges, defendant was convicted of two misdemeanor charges, driving while intoxicated (per se) and driving while intoxicated (common law), and two traffic violations, consumption or possession of alcoholic [*2]beverages in certain motor vehicles and unlicensed operation of a motor vehicle. The jury acquitted him of the other charges. Defendant was sentenced on August 18, 2016.
On April 27, 2015, prior to the trial, defendant filed a motion to dismiss the entire misdemeanor information on statutory speedy trial grounds. Of particular importance for this appeal, in court on December 1, 2014, the People answered they were not ready for trial and filed a certificate of readiness (CoR) off-calendar on December 3, 2014. On the next court date, February 11, 2015, the People again answered not ready, without explanation for what caused this change since the filing of the CoR. Defendant argued in his motion that, pursuant to People v Sibblies (22 NY3d 1174 [2014]), the CoR should be deemed illusory and the entire adjournment period should be charged to the People. The People did not file a response to defendant's motion, and thus did not proffer an explanation for their change of readiness.
The Criminal Court, in a decision and order dated July 27, 2015 that did not address defendant's Sibblies argument, charged the People with only the two days of this adjournment period that preceded the filing of the CoR, found a total of 30 days were chargeable to the People, and denied defendant's motion. The court's calculations, however, contained two errors. First, the court charged the People with 13 days for the adjournment they requested from February 11 to February 19, 2015; the People should have been charged with eight days. Second, the court erred in not charging the People with the entirety of the December 1, 2014 - February 11, 2015 adjournment period, totaling 72 days.
In People v Brown (28 NY3d 392 [2016]), which was not decided until after defendant had been convicted and sentenced, the Court of Appeals explained that the People "must establish a valid reason for their unreadiness in response to a defendant's CPL 30.30 motion," because it always has been the People's ultimate "obligation in the postreadiness context to ensure 'that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay' " (Brown, 28 NY3d at 406, quoting People v Stirrup, 91 NY2d 434, 440 [1998]). Because the People did not satisfy this requirement either on the record or by responding to defendant's motion, the Criminal Court should have deemed the CoR illusory and charged the entire adjournment period from December 1, 2014 to February 11, 2015 to the People. This 72-day time period, added to the other 23 days of chargeable time that the court correctly found, and which the People do not dispute, renders the People chargeable with a total of 95 days, more than the 90 days statutorily granted to them to be ready for trial in this case, where the most serious charge is a "misdemeanor punishable by a sentence of imprisonment of more than three months" (CPL 30.30 [1] [b]).
While the misdemeanor charges clearly must be dismissed, it had been the case, when defendant's dismissal motion was decided on July 27, 2015, that "CPL 30.30 does not apply to traffic infractions" (People v Dorilas, 19 Misc 3d 75, 77 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see also People v Corriette, 25 Misc 3d 141[A], 2009 NY Slip Op 52462[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Gonzalez, 168 Misc 2d 136, 137 [App Term, 1st Dept 1996]). However, on January 1, 2020, an amended CPL 30.30 statute went into effect that abrogated the case law on this point, and explicitly brought traffic infractions within its ambit (see CPL 30.30 [2] [e]). Under the amended statute, in a criminal case, such as this, where a defendant is charged with both a misdemeanor for which more than three months' incarceration is possible and a traffic infraction, the People are provided with a 90-day "clock" [*3]within which they must be ready for trial.
Thus, the question of first impression we now must answer is whether, for this direct appeal, we must follow the prior statute, in effect at the time of defendant's conviction, under which the traffic infractions could not be dismissed, or the current, amended CPL 30.30 statute, requiring dismissal of the traffic infractions along with the misdemeanors. As defendant's motion sought to dismiss the entire accusatory instrument on speedy trial grounds, his contention with respect to the traffic infractions has been preserved.
In other contexts, a legislative change in the law will not apply retroactively on direct appeal (see e.g. People v Carter, 173 AD2d 631, 631 [1991] ["Generally, whether a prior conviction is a predicate felony conviction is to be determined by applying the provisions of the law which were in effect at the time the crime was committed"]). However, the case law more on point with the instant matter supports retroactive application of the amended CPL 30.30 statute on this direct appeal. We therefore hold that the amended statute must be followed.
Even though the amended CPL 30.30 statute does not say so explicitly, generally, where, as in this case, "a statute is amended during an appeal's pendency, . . . 'the law to be utilized is that in effect at the time the decision on appeal is rendered' " (Matter of Lambrou, 208 AD2d 1093, 1094-1095 [1994], quoting Matter of Willard v Haab, 170 AD2d 820, 822 [1991], lv denied 78 NY2d 854 [1991]; Matter of Davis, 149 NY 539, 545 [1896] ["It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights, is applicable to proceedings pending or subsequently commenced"]; cf. People v Favor, 82 NY2d 254, 260 [1993] ["Traditional common-law methodology contemplates that cases on direct appeal will generally be decided in accordance with the law as it exists at the time the appellate decision is made"]; People v Oliver, 1 NY2d 152, 163 [1956] ["Whenever the Legislature alters existing law, a certain measure of inequality is bound to ensue. Where the change is ameliorative and reflects a judgment that the earlier law was unduly harsh or unjust, a court should not withhold the benefits of the new statute to one tried after its passage"]).
Furthermore, an analysis of the three factors set forth in People v Pepper (53 NY2d 213 [1981]) used to determine whether a new judicial rule should be given retroactive effect—namely, "(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of retroactive application" (People v Mitchell, 80 NY2d 519, 528 [1992]; see Pepper, 53 NY2d at 220)—helps illustrate why the new CPL 30.30 statutory scheme should inform the instant appeal. That CPL 30.30, as previously enacted, did not apply to traffic infractions, created in multiple instances the "anomaly" of defendants being relieved of the yoke of more serious felonies and misdemeanors, once the People's statutory speedy trial "clock" was exhausted, while still allowing for their continued prosecution for less consequential traffic infractions (People v Perkins, 37 Misc 3d 696, 700 [Crim Ct, Kings County 2012], citing People v Heller, NYLJ, April 14, 2000, at 33, col. 5 [Crim Ct, Richmond County 2000] ["The Legislature should address this apparent statutory oversight by providing a period in which the prosecution must announce trial readiness in (traffic infraction) cases"]). Because the amended statute serves the purpose of correcting this irregularity, the first Pepper factor counsels for application of the amended rule. Similarly, that the amended speedy trial statute finally brings traffic infractions into its ambit, and prevents such [*4]anomalies from occurring, constitutes a positive effect on the administration of justice. Thus, the third Pepper factor also counsels for application of the amended rule. Although the courts had relied rather consistently on the previous rule that traffic infractions cannot be dismissed pursuant to CPL 30.30, the amended rule aligns better with the "dominant legislative intent informing CPL 30.30, namely, to discourage prosecutorial inaction" (People v Price, 14 NY3d 61, 64 [2010]). Consequently, the second Pepper factor does not counsel against application of the amended rule, and is, at worst, neutral on the question.
Pursuant to the Matter of Lambrou presumption in favor of deciding appeals under the current statutory regime, combined with the Pepper factors that advise the same, we apply the amended CPL 30.30 statute and find that the statutory period within which to prosecute all of the misdemeanors and traffic infractions charged in the misdemeanor information has expired. Defendant's other contentions on appeal are rendered academic.
Accordingly, the judgment of conviction is reversed, the order dated July 27, 2015 denying defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, and defendant's motion is granted.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020