■ In the Matter of HEIDI L. OBIAJULU, Appellant, v CITY OF ROCHESTER et al., Respondents. (Appeal No. 1.) [625 NYS2d 779] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this CPLR article 78 proceeding seeking compliance with petitioner's Freedom of Information Law (FOIL) request, we conclude that Supreme Court erred in denying in toto petitioner's requests for disclosure of work performance evaluations and appraisals of law department

personnel and information concerning discipline and/or counseling of law department and other City personnel.

Public Officers Law § 87 (2) (b) protects from disclosure material that, if disclosed, would constitute an unwarranted invasion of personal privacy under Public Officers Law § 89 (2). We agree with the court that work performance evaluations and appraisals constitute employment histories within the meaning of Public Officers Law § 89 (2) (b) (i) *(cf., Matter of Gannett Co. v James,* 86 AD2d 744, *lv denied* 56 NY2d 502). However, disclosure does not constitute an invasion of personal privacy when identifying details are deleted *(see,* Public Officers Law § 89 [2] [c] [i]). Thus, the court should have ordered disclosure of those records with "identifying details" redacted (Public Officers Law § 89 [2] [c] [i]).

Disciplinary files containing disciplinary charges, the agency determination of those charges, and the penalties imposed, however, are not exempt from disclosure under FOIL; "personal and intimate details of an employee's personal life" are exempt *(Matter of Buffalo News v Buffalo Mun. Hous. Auth.,* 163 AD2d 830, 831-832).

We modify the judgment on appeal, therefore, by vacating that portion of the second decretal paragraph denying requests 1 (d) and (g) and by granting request 1 (d) with "identifying details" redacted (Public Officers Law § 89 [2] [c] [i]) and request 1 (g) insofar as it seeks personnel files containing disciplinary charges, agency determinations of those charges, and the penalties imposed, with redaction of any "personal and intimate details of an employee's personal life." *(Supra,* at 831-832.) We remit this matter to Supreme Court for in camera inspection and appropriate redaction of those records. We have reviewed petitioner's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Article 78.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.