■ In the Matter of LARRY R., Petitioner, v STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [666 NYS2d 782] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

On June 26, 1990, a report that petitioner had employed inappropriate behavior management techniques in subduing a 12-year-old patient at St. Lawrence Psychiatric Center in St. Lawrence County was filed with the State Central Register of Child Abuse and Maltreatment (see, Social Services Law § 422 [2] [a]). Following notification that the report had been marked indicated, petitioner requested that it be expunged (see, Social Services Law § 422 [8] [a] [i]). At the conclusion of a predeprivation hearing conducted pursuant to Social Services Law § 422 (8) (b), the Administrative Law Judge denied expunction, finding that there was "some credible evidence" that petitioner had used an unauthorized and dangerous restraint. This CPLR article 78 proceeding ensued.

When we review an administrative determination we are limited to the grounds invoked by the agency and may not substitute what we consider a more adequate or proper basis (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593). Therefore, as it is now firmly established that the standard of proof applicable at the subject predeprivation hearing is "by a fair preponderance of the evidence" (Matter of Lee TT. v Dowling, 87 NY2d 699, 712), we must annul the challenged determination and remit this matter to respondent Commissioner of Social Services for a new determination on the original record using the appropriate standard of proof (see, Matter of Nils TT. v New York State Dept. of Social Servs., 221 AD2d 874, lv denied 87 NY2d 812; Matter of Robert OO. v Dowling, 217 AD2d 785, affd 87 NY2d 1043).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.