OPINION OF THE COURT
Nicholas Figueroa, J.
Petitioner, publisher of The Insurance Forum, a newsletter, seeks a judgment pursuant to CPLR article 78 directing respondent to disclose state insurance records under Public Officers Law §§ 84 through 90.
The Life Insurance Council of New York, Incorporated, an insurance industry association, is an intervenor-respondent in this proceeding.
Specifically, petitioner seeks the names, titles and salaries of employees working for life insurance companies doing business in New York, who earn $600,000 a year or more, including the three senior officers and the directors of each company regardless of the amount, and the officer or the other person, firm, or corporation receiving $600,000 or more; and the titles, persons, firms receiving $60,000 or more but less than $600,000.
This information is routinely contained in the New York Supplement to the Annual Statement and is required to be filed by insurance companies pursuant to Insurance Law § 307 (a) (1) and § 4233 (a) and (b) (3).
Petitioner’s request for the individual names was refused by respondent on the ground that disclosing names would constitute an unwarranted invasion of privacy under Public Officers Law § 87 (2) (b) and § 89 (2) (b), but respondent offered to list the positions and salaries with names redacted.
Petitioner argues that respondent has routinely disclosed this information since 1986. Petitioner had circulated the information in his newsletter since around that time. Beginning in 2000, however, various insurance companies, upon learning that petitioner was also circulating this information on the Internet, wrote respondent expressing their opposition to the continued public disclosure of this information in any form.
One of these companies, the Equitable Life Assurance Society, complained to respondent that the information would be available to marketers, creditors, “and the like,” and that its dissemination over the Internet constituted an “unwarranted invasion of privacy.”
Another firm, Prudential Life Insurance Company of America, claimed that posting this information on the Internet, had *510 caused “major problems for New York licensed insurers,” and that the information could generate “undesired solicitations and possible criminal wrongdoing.” There was no attempt, however, to show how the data’s potential impact had changed during its former availability in printed format as compared with its current availability on the Internet.
Petitioner’s argument that Insurance Law § 4233 in itself provides a basis for releasing the information is rejected. Although the statute mandates that insurers file the information, the statute does not state that the information must be publicly disseminated.
Therefore, the sole issue is whether Public Officers Law § 89 (2) (b) bars disclosure of the names of individuals earning over $600,000 because it constitutes an unwarranted invasion of privacy. This court answers no. The fact that the employees are nongovernmental employees should not ipso facto shield their salary from public view. The insurance industry is highly regulated, and the filing of employees’ salary has been required since the early 1900’s. Consequently, contrary to respondent’s assertion, insurance company employees, although privately employed, do not have a greater expectation of privacy rights than would government employees. Moreover, there is no basis for a newly enhanced expectation of privacy, because until 1999, respondent regularly disclosed this information.
Respondent argues that federal decisions should control when interpreting New York State Freedom of Information Law (FOIL) provisions having federal counterparts (see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410), and cites Hopkins v United States Dept. of Hous. & Urban Dev. (929 F2d 81), that holds, contrary to Matter of Hopkins v City of Buffalo (107 AD2d 1028), that the governmental agency may not release the names of nongovernmental employees.
However, in Hopkins v City of Buffalo (supra), the Court helcl that releasing the names and payroll records of nongovernmental employees, working on public works projects, did not constitute an unwarranted invasion of privacy. This court is bound by the holding in Hopkins, a Fourth Department case, in the absence of a contrary ruling by the New York State Court of Appeals or the Appellate Division, First Department (see, Mountain View Coach Lines v Storms, 102 AD2d 663). This court, however, is not similarly bound by federal cases. Encore Coll. Bookstores v Auxiliary Serv. Corp. (supra) does not hold that a trial court may ignore controlling Appellate Division precedent.
*511 Matter of Harris v City Univ. (114 AD2d 805) and Matter of Obiajulu v City of Rochester (213 AD2d 1055), on which respondent relies as authority contrary to Hopkins v City of Buffalo, are both inapposite. While revealing an individual’s qualifications or performance evaluations may have a potentially adverse effect on that person’s career, revealing neutral salary information does not pose this danger. Moreover, the First Department has recently held that details concerning public employment history and attendance at academic institutions, contained in employment applications, may be publicly disclosed (Kwasnik v City of New York, 262 AD2d 171).
Other than respondent’s conclusory and unsupported claim that Internet dissemination can have a deleterious result, respondent has offered nothing to substantiate this claim. Respondent’s conclusory allegations cannot serve as a basis for denial of petitioner’s FOIL request (see, Hopkins v City of Buffalo, supra, citing Church of Scientology v State of New York, 46 NY2d 906).
There are other substantial reasons favoring disclosure. Since 1906 our Legislature has mandated that insurance companies file the names, salaries, and titles of specified employees. This was to discourage the political corruption and nepotism then tainting the insurance industry. Based on the statute’s perseverance over the past century, the Legislature still discerns a continuing need for the vigilance provided by the statute in ensuring that insurance companies are competently managed, and are discouraged from unduly influencing regulatory officials by filling lucrative positions based on political connections.
Consequently, in balancing the public interest against nondisclosure, the court concludes that respondent must continue to disclose the information sought by petitioner.
Given the fact that respondent has not specified any potential harm resulting from the data being currently placed on the Internet, respondent’s refusal to disclose this data lacks a rational basis, and is therefore arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222).
Accordingly, it is adjudged that the petition is granted.
[Portions of opinion omitted for purposes of publication.]