*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                 522496
_____

In the Matter of POLICE
    BENEVOLENT ASSOCIATION
    OF NEW YORK STATE, INC.,
                    Appellant,

        v                                                MEMORANDUM AND ORDER

STATE OF NEW YORK et al.,
                    Respondents.

(And Three Other Related Proceedings.)
_____


Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

                    _____


        Gleason Dunn Walsh & O'Shea, Albany (Brendan D. Sansivero
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondents.

                    _____


Peters, P.J.

        Appeals from four judgments of the Supreme Court
(Melkonian, J.), entered January 8, 2016 in Albany County, which
dismissed petitioner's applications, in four proceedings pursuant
to CPLR article 78, to review determinations of respondents
denying petitioner's Freedom of Information Law requests.

        Petitioner filed requests pursuant to the Freedom of
Information Law (see Public Officers Law art 6 [hereinafter
FOIL]) with the four respondent institutions, which are operated
by respondent State University of New York, seeking records

related to the hiring of certain individuals for high-ranking positions within the schools' respective police departments. According to petitioner, these records were requested to assess respondents' compliance with Retirement and Social Security Law § 211, which sets forth the limited circumstances under which a retired public employee may receive compensation for postretirement public employment without diminution of his or her pension benefits.  Although respondents partially granted the requests and disclosed various documents regarding the incumbents in the relevant positions, each denied petitioner's request for "[a]ll resume(s), application(s), and/or correspondence submitted or sent by other persons" who were not hired for the positions on the ground that disclosure of such information would constitute an unwarranted invasion of personal privacy (see Public Officers Law §§ 87 [2] [b]; 89 [2]).  Following an unsuccessful administrative appeal of each of the denials, petitioner commenced these CPLR article 78 proceedings.  Supreme Court dismissed the petitions, and these appeals ensued.

"Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d 1235, 1236-1237 [2015] [internal quotation marks and citations omitted]; see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 746 [2001]; Matter of Johnson v Annucci, 138 AD3d 1361, 1362 [2016], lv denied 27 NY3d 911 [2016]).  "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986] [citations omitted]; see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 657 [2012]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1141 [2013]).  Notably, "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; accord Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 498 [2013]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196

[2011]), and the agency must "articulat[e] a particularized and specific justification for denying access" to the requested documents (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; accord Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885 [2009]; Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation and Fin., 141 AD3d 997, 999 [2016]).

Public Officers Law § 87 (2) (b) permits an agency to deny access to records, or portions thereof, if disclosure "would constitute an unwarranted invasion of personal privacy." The statute does not, however, categorically exempt such documents from disclosure. To the contrary, Public Officers Law § 89 expressly permits an agency to delete "identifying details" from records that it makes available to the public (Public Officers Law § 89 [2] [a]), and provides that "disclosure shall not be construed to constitute an unwarranted invasion of personal privacy . . . when [such] identifying details are deleted" (Public Officers Law § 89 [2] [c] [i]; see Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 298 [1985]; Matter of New York Times Co. v New York State Dept. of Health, 243 AD2d 157, 159 [1998]).

Here, petitioner concedes that both the names and the home addresses of the unsuccessful applicants are not subject to disclosure under FOIL (see Public Officers Law § 89 [7]), and reiterates its consent to the redaction of such information, as well as any other identifying details, from the requested resumes, applications and cover letters. Nevertheless, respondents argue — and Supreme Court agreed — that, given the prominent nature of the positions and the limited number of applicants, disclosure of the requested documents, even with appropriate redactions, could lead to the identification of the unsuccessful applicants. Such speculation, however, "does not rise to the level of 'a particularized and specific justification for denying access' to the [entirety of] the records requested" (Matter of Legal Aid Socy. of Northeastern N.Y. v New York State Dept. of Social Servs., 195 AD2d 150, 153 [1993], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; see Matter of Porco v Fleischer, 100 AD3d 639, 640 [2012]; Matter of New York Times Co. v New York State Dept. of Health,

243 AD2d at 159; Brown v Town of Amherst, 195 AD2d 979, 979 [1993]). Respondents have failed to demonstrate any factual basis for their assertion that the requested documents cannot be redacted in such a manner as to protect the identity of the individual applicants (see Matter of New York Times Co. v New York State Dept. of Health, 243 AD2d at 160; Matter of Legal Aid Socy. of Northeastern N.Y. v New York State Dept. of Social Servs., 195 AD2d at 153; compare Matter of Comps, Inc. v Town of Huntington, 269 AD2d 446, 447 [2000], lv denied 95 NY2d 758 [2000]; Matter of Seigel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn., 251 AD2d 670, 671-672 [1998], lv denied 93 NY2d 804 [1999]). Nor were the documents in question submitted to Supreme Court for an in camera review so as to enable the court to make an informed determination on this issue (see Matter of Gould v New York City Police Dept., 89 NY2d at 275; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83 [1984]; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 983 [2009], lv denied 12 NY3d 712 [2009]). Under these circumstances, the matter must be remitted to Supreme Court for an in camera inspection of the requested documents to determine the extent to which they contain information exempt from disclosure and whether such information can be redacted while still protecting the personal privacy of those individuals (see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d at 83; Matter of Hearst Corp. v New York State Police, 132 AD3d 1128, 1130 [2015]; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1126 [2013]; Matter of Thomas v New York City Dept. of Educ., 103 AD3d at 499; Matter of Obiajulu v City of Rochester, 213 AD2d 1055, 1056 [1995]).

Petitioner's remaining contentions do not require extended discussion. By failing to raise on administrative appeal its argument that respondent State University of New York, Purchase College improperly denied its requests for additional categories of documents, petitioner failed to preserve the issue for our review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Matsen v New York State Dept. of Motor Vehs., 134 AD3d 1283, 1283 n 2 [2015]; Matter of Bass Pro, Inc. v Megna, 69 AD3d 1040, 1042 [2010]). Although petitioner did preserve its argument that respondent State University at New

York, Stony Brook University improperly denied its requests for three additional categories of documents, the affidavit of Stony Brook's record access officer establishes that all responsive documents have been provided for one of the requests (request No. 7) and that Stony Brook is not in possession of any documents responsive to the other two requests (requests Nos. 16 and 23). Thus, Stony Brook adequately established the nonexistence of additional records requested by petitioner (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; Matter of Gould v New York City Police Dept., 89 NY2d at 279).

Garry, Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the judgments are modified, on the law, without costs, by reversing so much thereof as found that the documents sought in request number 15 were exempt from disclosure pursuant to Public Officers Law § 87 (2) (b); matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court