Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York (2018 NY Slip Op 07019)





Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York


2018 NY Slip Op 07019


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525746

[*1]In the Matter of POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE, INC., Appellant,
v
STATE OF NEW YORK et al., Respondents. (And Three Other Related Proceedings.)

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Brendan D. Sansivero of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondents.
Cameron J. Macdonald, Government Justice Center, Inc., Albany, for Empire Center for Public Policy, amicus curiae.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (Melkonian, J.), entered May 26, 2017 in Albany County, which dismissed petitioner's applications, in four proceedings pursuant to CPLR article 78, to review determinations of respondents denying petitioner's Freedom of Information Law requests, and (2) from an order of said court, entered September 26, 2017 in Albany County, which denied petitioner's motion to renew and reargue.
When this case was previously before this Court, we remitted the matter to Supreme Court for an in camera inspection of records related to the hiring of certain individuals for high-ranking positions within the police departments of the four respondent institutions that are operated by respondent State University of New York (145 AD3d 1391, 1393-1394 [2016])[FN1]. The matter was remitted with the directive that the court determine the extent to which the requested documents contain information exempt from disclosure and whether such information [*2]can be redacted while still protecting the personal privacy of those individuals (id. at 1393-1394). On remittal, Supreme Court reviewed 1,344 pages of resumes, applications and related correspondence sent by applicants for the subject police department positions and, in May 2017, it maintained that redaction was not possible. Thereafter, petitioner moved for leave to renew and reargue, which motion was denied in September 2017. Petitioner now appeals.
"Under [the Freedom of Information Law], agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d 1235, 1236-1237 [2015] [internal quotation marks and citations omitted]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017]). As relevant here, an agency may deny access to records or portions thereof that, if disclosed, would cause "an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). The personal privacy exemption incorporates a nonexhaustive list of categories of information that would statutorily constitute unwarranted invasions of personal privacy if disclosed, such as the employment histories and personal references of applicants for employment (see Public Officers Law § 89 [2] [b] [i]), as well as any information of a personal nature when disclosure would result in economic or personal hardship to the subject party where such information is not relevant to the work of the agency requesting or maintaining it (see Public Officers Law § 89 [2] [b] [iv]). While the information requested here falls squarely within this exemption, the Public Officers Law also instructs that disclosure of such information will not be construed to constitute an unwarranted invasion of personal privacy when identifying details are redacted (see Public Officers Law § 89 [2] [c] [i]). Because the records being requested here contain information that is specifically exempt, the issue distills to whether such identifying details can be redacted so as not to constitute an unwarranted invasion of personal privacy.
Initially, there is no legitimate dispute that disclosure would warrant redaction of identifying details such as the applicants' names and addresses (see Public Officers Law § 89 [7]). Further, given the narrow pool of applicants for these high-ranking positions, redaction of these identifying details alone would not prevent a reasonable member of the community, including current employers, from identifying certain applicants. Accordingly, it is possible, or even likely, that certain applications, or components thereof, may need to be redacted in their entirety given the distinctiveness of an applicant's education or employment history; however, such circumstances with respect to a single, or even several, applicants cannot justify a blanket denial of the release of 1,344 pages of application information from numerous applicants (see e.g. Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; 145 AD3d at 1392; Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 498 [2013]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196-197 [2011]).
Taking the first application provided in the confidential exhibit as an example, the resume of that applicant could be redacted so as to still convey that the applicant has a collective 17 years of law enforcement experience in this state as a patrol officer, lieutenant and assistant chief of police, that he or she has supervised both sworn police officers and civilian staff, served on various committees, participated in budget preparation, holds a Bachelor's degree and has completed basic trainings. Another application included in the confidential exhibit, after redacting any identifying information, still reflects that the applicant is a high school graduate, completed one year of college studying Criminal Justice, worked full time doing security for approximately four years and was a United States Marine for four years. Yet another application provided in the confidential exhibit could be extensively redacted but still convey that the applicant has a collective 23 years of law enforcement experience as a police officer, patrol sergeant, administrative lieutenant and patrol commander, graduated from the FBI National Academy, possesses a Bachelor's degree and has been an instructor at a police academy for approximately 25 years.
While respondents argue that such extreme redaction renders the remaining information useless in determining whether the four respondent institutions complied with Retirement and [*3]Social Security Law § 211 in issuing waivers to the incumbents of the subject police department positions, petitioner need not demonstrate the information's potential efficacy to obtain disclosure (see Matter of Gould v New York City Police Dept., 89 NY2d at 279; Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d at 1236-1237). Further, as the identifying information falls squarely within a personal privacy Freedom of Information Law exemption, the court need not engage in a "balancing [of] the privacy interests at stake against the public interest in disclosure of the information" (Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380 [2012] [internal quotation marks and citation omitted]), which would have required a review of the purpose of the request and the relevancy of the records. As such, we reject respondents' notion that all substantive information is identifying, and, while we acknowledge that the task is arduous, the four respondent institutions must review the data once again, delete identifying information while leaving nonidentifying metrics intact and disclose the same. By way of guidance, much of the information concerning particular states, schools and police departments can be easily redacted, leaving the raw data, including positions held, education level, rank and other relevant experience. In light of this determination, petitioner's appeal from the denial of its motion to renew and reargue is academic (see Matter of Soressi v SWF, L.P., 81 AD3d 1143, 1146 [2011]; Zibro v Saratoga Natl. Golf Club, Inc., 55 AD3d 998, 1001 [2008]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by directing respondents State University of New York, Alfred State College, State University of New York, College at Old Westbury, State University of New York, Purchase College and State University of New York, Stony Brook University to release the documents sought in petitioner's request number 15 with sufficient redactions to safeguard the identities of the subject applicants as set forth in this Court's decision, and, as so modified, affirmed.
ORDERED that the appeal from the order is dismissed, as academic, without costs.



Footnotes

Footnote 1: Petitioner's Freedom of Information Law request enumerated 23 specific requests for records. The four respondent institutions complied with all requests, with the exception of number 15, which sought "[a]ll resume(s), application(s), and/or correspondence submitted or sent by other persons" who were not hired for these positions.