Matter of National Lawyers Guild v Erie County Sheriff's Off. (2021 NY Slip Op 04473)





Matter of National Lawyers Guild v Erie County Sheriff's Off.


2021 NY Slip Op 04473


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1206 CA 20-00171

[*1]IN THE MATTER OF NATIONAL LAWYERS GUILD, BUFFALO CHAPTER, PETITIONER-RESPONDENT,
v
ERIE COUNTY SHERIFF'S OFFICE, RESPONDENT-APPELLANT. 






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
NICHOLAS RAMIREZ, CIVIL LIBERTIES AND TRANSPARENCY CLINIC, UNIVERSITY AT BUFFALO SCHOOL OF LAW, BUFFALO, FOR PETITIONER-RESPONDENT.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Mark A. Montour, J.), entered January 13, 2020 in a proceeding pursuant to CPLR article 78. The judgment, among other things, directed respondent to disclose certain documents to petitioner. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the amended petition insofar as it seeks disclosure of the documents having pages Bates stamped 005-008, 010-013, 014-018, 020-026, 028-029, 046-048, 052-061, 066, 071-084, 121, 140-142, and 183, the documents having pages Bates stamped 009, 019, and 027 except to the extent that those documents include emails sent on December 12, 2017 at 10:38 a.m. and 10:59 a.m., and the documents having pages Bates stamped 102-105 and 294-297 except to the extent that those documents include emails sent on August 24, 2014 at 6:27 a.m., 6:33 a.m., 8:20 a.m., and 8:37 a.m., and directing that prior to disclosure all portions of the email appearing after the entry of statistical information corresponding to the year 2016 are redacted from the documents having pages Bates stamped 305-306 and that the identifying information of private citizens is redacted from the documents having pages Bates stamped 102-105, 294-297, and 352-353, and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking disclosure of various documents pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). After conducting an in camera review, Supreme Court entered a judgment directing the disclosure of several documents, and respondent now appeals from that judgment.
"All government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]). Under that statute, an agency may deny access to records or portions thereof that, inter alia, are "inter-agency or intra-agency materials" that are not (i) "statistical or factual tabulations or data"; (ii) "instructions to staff that affect the public"; (iii) "final agency policy or determinations"; or (iv) "external audits, including but not limited to audits performed by the comptroller and the federal government" (Public Officers Law § 87 [2] [g] [i-iv]). The agency bears the burden of establishing that a document is exempt from disclosure (see Gould, 89 NY2d at 275; Matter of Rome Sentinel Co. v City of Rome, 174 AD2d 1005, 1006 [4th Dept 1991]).
Upon conducting an in camera review of the subject documents, we agree with respondent that the court erred in ordering the disclosure, pursuant to Public Officers Law § 87 (2) (g), of the documents with pages Bates stamped 005-008, 010-013, 014-018, 020-026, 028-[*2]029, 046-048, 052-061, 066, 071-084, 121, 140-142, and 183; the documents with pages Bates stamped 009, 019, and 027 except to the extent that those documents include emails sent on December 12, 2017 at 10:38 a.m. and 10:59 a.m.; and the documents with pages Bates stamped 102-105 and 294-297 except to the extent that those documents include emails sent on August 24, 2014 at 6:27 a.m., 6:33 a.m., 8:20 a.m., and 8:37 a.m. (see generally Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 487 [2005]; Gould, 89 NY2d at 277; Matter of Spring v County of Monroe, 141 AD3d 1151, 1152 [4th Dept 2016]). In addition, although the court properly ordered disclosure of the documents with pages Bates stamped 305-306, we conclude that all portions of the email appearing after the entry of statistical information corresponding to the year 2016 should be redacted. We further conclude that the documents with pages Bates stamped 102-105, 294-297, and 352-353 should be redacted to exclude the identifying information of private citizens (see generally Public Officers Law § 87 [2] [b]). Contrary to respondent's contention, we conclude that the court properly ordered disclosure of the remaining documents and portions of documents submitted for our review on the ground that respondent failed to establish that Public Officers Law § 87 (2) (g) exempted them from disclosure.
Lastly, we decline to award petitioner additional attorney fees beyond those previously agreed upon by the parties.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court