Matter of Brooklyn Legal Servs. v New York City Taxi & Limousine Commn. (2022 NY Slip Op 00809)





Matter of Brooklyn Legal Servs. v New York City Taxi & Limousine Commn.


2022 NY Slip Op 00809


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 151161/20 Appeal No. 15241 Case No. 2021-00862 

[*1]In the Matter of Brooklyn Legal Services, Petitioner-Appellant,
v
New York City Taxi and Limousine Commission, et al. Respondents-Respondents.


New York Taxi Workers Alliance, Long Island City (Allison J. Langley of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered November 12, 2020, denying the petition to annul the determination of respondent New York City Taxi and Limousine Commission (TLC), dated October 4, 2019, which denied petitioner's request to disclose certain records under the Freedom of Information Law (FOIL), and dismissing the proceeding brought under CPLR article 78, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent with this decision.
The Driver's Privacy Protection Act (DPPA) (18 USC § 2721 et seq.) does not impose a blanket prohibition on disclosure of all motor vehicle records. Instead, the law restricts disclosure of "personal information," which includes personal identifiers of the type that petitioner agrees should be redacted. Moreover, even as to such personal information, the DPPA still expressly provides for disclosure in various circumstances, such as for research purposes, where the personal information will not be further disclosed (see 18 USC § 2721[b][5]). Motor vehicle records under the DPPA are thus not the kind of records as to which production is absolutely prohibited, as long as they are redacted (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 568-570 [2018], affd 32 NY3d 556 [2018]; Matter of Wm. J. Kline & Sons v County of Hamilton, 235 AD2d 44, 46 [3d Dept 1997]).
The record is not clear as to what extent it is possible to anonymize production of the TLC fitness interview decisions (FIDs), which petitioner seeks in order to assess whether the TLC has been applying fair standards in its decision making on licensing determinations with respect to people with one or more criminal convictions (see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1393 [3d Dept 2016] [PBA]). TLC plausibly asserts, by way of an affirmation from one of its staffers, that the FIDs are so detailed that there is no way to produce them while still preventing a savvy Internet user from deducing the applicants' identities (or without redacting them to the point of uselessness). Petitioner points to one FID in the record, however, suggesting that not all of the records contain such detail. Nor does TLC make any argument that redaction, if feasible, would be unduly burdensome or could not be outsourced.
Accordingly, we remand this matter to Supreme Court for in camera inspection of the records, or some representative sample thereof, to determine to what extent they may be produced with redaction (see id.; Matter of Thomas v Condon, 128 AD3d 528, 530 [1st Dept 2015]). This approach equally disposes of TLC's alternative ground for withholding of production, that disclosure would "constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]; see Public Officers § 89[2]; Matter of Harris v City Univ. of N.Y., Baruch Coll., 114 AD2d 805, 805-806 [[*2]1st Dept 1985]).
There is no basis for an award of attorneys' fees at this juncture (see Public Officers Law §89[4][c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022