Matter of New York Civ. Liberties Union v City of Syracuse (2022 NY Slip Op 06348)

Matter of New York Civ. Liberties Union v City of Syracuse

2022 NY Slip Op 06348

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

690 CA 21-00796

[*1]IN THE MATTER OF NEW YORK CIVIL LIBERTIES UNION, PETITIONER-APPELLANT,
v
CITY OF SYRACUSE AND SYRACUSE POLICE DEPARTMENT, RESPONDENTS-RESPONDENTS. 

NEW YORK CIVIL LIBERTIES UNION FOUNDATION, NEW YORK CITY (ROBERT HODGSON OF COUNSEL), AND LATHAM & WATKINS LLP, FOR PETITIONER-APPELLANT. 
HANCOCK & ESTABROOK, LLP, SYRACUSE (MARY L. D'AGOSTINO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered May 5, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part, reinstating the petition insofar as it seeks disclosure of law enforcement disciplinary records, subject to redaction pursuant to particularized and specific justification under Public Officers Law
§ 87 (2), and granting the petition to that extent, and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents, City of Syracuse and Syracuse Police Department (SPD), to disclose, pursuant to the Freedom of Information Law ([FOIL] Public Officers Law § 84 et seq.), certain law enforcement disciplinary records. As relevant here, petitioner seeks law enforcement disciplinary records concerning open complaints, i.e., those in which an investigation had commenced but the law enforcement disciplinary proceeding had not yet reached a final disposition, and law enforcement disciplinary records concerning closed but unsubstantiated complaints, i.e., those in which it was determined that the allegations of SPD officer misconduct were unfounded or without merit. In opposition, respondents moved to dismiss the petition on the basis that the records sought were categorically exempt from disclosure pursuant to the "personal privacy" exemption under Public Officers Law § 87 (2) (b). Petitioner now appeals from a judgment granting respondents' motion to dismiss the petition. We agree with petitioner that Supreme Court erred in determining that the records sought are categorically exempt from disclosure and may be withheld in their entirety.
At the outset, we reject respondents' contention that petitioner failed to exhaust its administrative remedies with respect to its contentions on appeal (see Matter of Exoneration Initiative v New York City Police Dept., 114 AD3d 436, 437 [1st Dept 2014]; Council of Regulated Adult Liq. Licensees v City of N.Y. Police Dept., 300 AD2d 17, 18-19 [1st Dept 2002]).
It is well settled that, under FOIL, "[a]ll government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225 [2018], rearg denied 31 NY3d 1125 [2018]), that exemptions are to be " 'narrowly construed' " [*2](Gould, 89 NY2d at 275; see Matter of Hawley v Village of Penn Yan, 35 AD3d 1270, 1271 [4th Dept 2006], amended on rearg 38 AD3d 1371 [4th Dept 2007]), that government agencies have the burden to demonstrate that " 'the material requested falls squarely within the ambit of [one] of the exemptions' " (Abdur-Rashid, 31 NY3d at 225; see Matter of National Lawyers Guild, Buffalo Ch. v Erie County Sheriff's Off., 196 AD3d 1195, 1196 [4th Dept 2021]), and that those agencies "must articulate 'particularized and specific justification' for not disclosing requested documents" (Gould, 89 NY2d at 275; see Matter of Nix v New York State Div. of Criminal Justice Servs., 167 AD3d 1524, 1525 [4th Dept 2018], lv denied 33 NY3d 908 [2019]).
Under Public Officers Law § 87 (2) (a), agencies shall disclose records unless they are "specifically exempted from disclosure by state or federal statute." For decades, law enforcement personnel records were wholly and categorically exempt from disclosure inasmuch as a state statute provided that such records "[were] considered confidential and not subject to inspection or review without the express written consent of such [law enforcement] officer . . . except as may be mandated by lawful court order" (former Civil Rights Law
§ 50-a [1]; see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 560 [2018]; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d 26, 29 [1988]). Effective June 12, 2020, the New York State Legislature fully repealed former Civil Rights Law § 50-a (see L 2020 ch 96, § 1). Thus, the statutory exemption under Public Officers Law § 87 (2) (a) no longer applies to law enforcement personnel records.
The bill repealing former Civil Rights Law § 50-a also made several amendments to FOIL concerning disciplinary records of law enforcement agencies (see L 2020, ch 96, §§ 2-4). Of particular relevance here, Public Officers Law § 86 was amended by adding subdivisions (6) and (7), defining " '[l]aw enforcement disciplinary records' " and a " '[l]aw enforcement disciplinary proceeding.' "
We agree with petitioner that the court erred in determining that the personal privacy exemption under Public Officers Law § 87 (2) (b) allows respondents to categorically withhold the law enforcement disciplinary records at issue. Public Officers Law § 87 (2) (b) provides that an "agency may deny access to records or portions thereof that . . . if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of [section 89 (2)]." The personal privacy exemption "allows agencies and their employees to protect sensitive matters in which there is little or no public interest, like personal information or unsubstantiated allegations, from public disclosure" (Matter of New York Times Co. v City of New York Off. of the Mayor, 194 AD3d 157, 165 [1st Dept 2021], lv denied 37 NY3d 913 [2021]). The personal privacy exemption "is qualified" by Public Officers Law § 89 (2) (c) (i) (Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 160 [1st Dept 2010]; see e.g. Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 298 [1985]; Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1392-1393 [3d Dept 2016]; Matter of Obiajulu v City of Rochester, 213 AD2d 1055, 1056 [4th Dept 1995]), which provides that "disclosure shall not be construed to constitute an unwarranted invasion of personal privacy . . . when identifying details are deleted" (§ 89 [2] [c] [i]). An agency invoking the personal privacy exemption must "establish that the identifying details [of a record] could not be redacted so as to not constitute an unwarranted invasion of personal privacy" if the record was disclosed (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666 [2d Dept 2021]; see Police Benevolent Assn. of N.Y. State, Inc., 145 AD3d at 1392-1393).
Contrary to respondents' contention, the personal privacy exemption "does not . . . categorically exempt . . . documents from disclosure" (Police Benevolent Assn. of N.Y. State, Inc., 145 AD3d at 1392; see Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 497 [1st Dept 2013]; Matter of Johnson v New York City Police Dept., 257 AD2d 343, 348-349 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]; see generally Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 18 NY3d 42, 46 [2011]), even in the case where a FOIL request concerns release of unsubstantiated allegations or complaints of professional misconduct (see e.g. Matter of Western Suffolk Bd. of Coop. Educ. Servs. v Bay Shore Union Free School Dist., 250 AD2d 772, 772-773 [2d Dept 1998]; Matter of LaRocca v Board of Educ. of Jericho Union Free School Dist., 220 AD2d 424, 427 [2d Dept 1995]). In order to invoke the personal privacy exemption here, respondents must review each record [*3]responsive to petitioner's FOIL request and determine whether any portion of the specific record is exempt as an invasion of personal privacy and, to the extent that any portion of a law enforcement disciplinary record concerning an open or unsubstantiated complaint of SPD officer misconduct can be disclosed without resulting in an unwarranted invasion of personal privacy, respondents must release the non-exempt, i.e., properly redacted, portion of the record to petitioner (see Matter of Sell v New York City Dept. of Educ., 135 AD3d 594, 594 [1st Dept 2016]; see generally Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc., 18 NY3d at 46; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]).
Inasmuch as respondents withheld the requested law enforcement disciplinary records concerning open and unsubstantiated claims of SPD officer misconduct in their entirety and did not articulate any particularized and specific justification for withholding any of the records, we conclude that respondents did not meet their burden of establishing that the personal privacy exemption applies (see Aron Law, PLLC, 191 AD3d at 666; Police Benevolent Assn. of N.Y. State, Inc., 145 AD3d at 1393; Matter of Livson v Town of Greenburgh, 141 AD3d 658, 661 [2d Dept 2016]). Respondents further failed to establish that "identifying details" in the law enforcement disciplinary records concerning open and unsubstantiated claims of SPD officer misconduct "could not be redacted so as to not constitute an unwarranted invasion of personal privacy" (Aron Law, PLLC, 191 AD3d at 666; see Police Benevolent Assn. of N.Y. State, Inc., 145 AD3d at 1393). Thus, the court erred in granting that part of respondents' motion seeking to dismiss petitioner's request for law enforcement disciplinary records concerning open or unsubstantiated claims of SPD officer misconduct in reliance on the personal privacy exemption under Public Officers Law § 87 (2) (b).
Further, we agree with petitioner that, in the administrative proceeding, respondents did not invoke the exemption under Public Officers Law § 87 (2) (e), and we therefore conclude the court erred in relying on that subdivision in granting respondents' motion with respect to petitioner's request for law enforcement disciplinary records concerning open claims of SPD officer misconduct (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74-75 [2017]; Matter of McFadden v McDonald, 204 AD3d 672, 675 [2d Dept 2022]). "[J]udicial review of an administrative determination is limited to the grounds invoked by the agency and the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (Madeiros, 30 NY3d at 74 [internal quotation marks omitted]). Consequently, the court erred in relying on Public Officers Law § 87 (2) (e) and we make no determination whether respondents may rely on section 87 (2) (e) to withhold law enforcement disciplinary records.
Although we reject petitioner's contention that in the administrative proceeding respondents failed to invoke the exemption under Public Officers Law § 87 (2) (g) (iii), which applies to
inter-agency or intra-agency materials that are not final agency policy or determinations, inasmuch as respondents cited it multiple times in their denial of petitioner's administrative appeal, we nonetheless agree with petitioner that the court erred in relying on that exemption as a categorical basis to grant respondents' motion with respect to petitioner's request for law enforcement disciplinary records concerning open claims of SPD officer misconduct. Respondents failed to meet their burden of establishing that the exemption applies inasmuch as they failed to establish whether law enforcement disciplinary records concerning open claims of SPD officer misconduct "fall[] wholly or only partially within that exemption" (Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834 [2d Dept 2019]; see Matter of New York 1 News v Office of President of Borough of Staten Is., 231 AD2d 524, 525 [2d Dept 1996]; cf. Matter of Sawma v Collins, 93 AD3d 1248, 1248-1249 [4th Dept 2012]; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [3d Dept 2009], lv denied 12 NY3d 712 [2009]).
Further, we agree with petitioner that the court erred in relying upon the statute regarding the confidentiality of materials related to the conduct or discipline of attorneys (see Judiciary Law § 90 [10]) and case law regarding the confidentiality of investigations into judicial conduct or discipline (see Matter of Nichols v Gamso, 35 NY2d 35, 38 [1974]). Those rules are not applicable to the interpretation of FOIL or its application to disclosure of law enforcement disciplinary records concerning complaints of SPD officer misconduct.
We reject petitioner's contention that the court erred in granting respondents' motion with [*4]respect to petitioner's request for attorneys' fees and costs. Inasmuch as this proceeding at this stage concerns a novel interpretation of legislation that both repealed a statute and enacted new provisions to a longstanding statutory scheme, it cannot be said that respondents "had no reasonable basis for denying access" to the records at issue (Public Officers Law § 89 [4] [c]; cf. New York Times Co., 194 AD3d at 166; see generally Matter of Jewish Press, Inc. v New York City Police Dept., 190 AD3d 490, 491 [1st Dept 2021], lv denied 37 NY3d 906 [2021]).
We therefore modify the judgment by denying respondents' motion in part, reinstating the petition insofar as it seeks disclosure of law enforcement disciplinary records, subject to redaction pursuant to a particularized and specific justification under Public Officers Law § 87 (2) and granting the petition to that extent. Respondents are directed to review the requested law enforcement disciplinary records concerning open and unsubstantiated claims of SPD officer misconduct, identify those law enforcement disciplinary records or portions thereof that may be redacted or withheld as exempt, and provide the requested law enforcement disciplinary records to petitioner subject to any redactions or exemptions pursuant to a particularized and specific justification for exempting each record or portion thereof. Any claimed redactions and exemptions from disclosure are to be documented in a manner that allows for review by a court (see Matter of Kirsch v Board of Educ. of Williamsville Cent. Sch. Dist., 152 AD3d 1218, 1219-1220 [4th Dept 2017], lv denied 31 NY3d 904 [2018]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court