Matter of Aron Law PLLC v Rochester City Sch. Dist. (2025 NY Slip Op 01519)

Matter of Aron Law PLLC v Rochester City Sch. Dist.

2025 NY Slip Op 01519

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

665 CA 23-01893

[*1]IN THE MATTER OF ARON LAW PLLC, PETITIONER-APPELLANT-RESPONDENT,
v
ROCHESTER CITY SCHOOL DISTRICT, RESPONDENT-RESPONDENT-APPELLANT. 

ARON LAW, PLLC, BROOKLYN (JOSEPH H. ARON OF COUNSEL), FOR PETITIONER-APPELLANT-RESPONDENT. 
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR RESPONDENT-RESPONDENT-APPELLANT.

 Appeal and cross-appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Sam L. Valleriani, J.), dated October 23, 2023, in a proceeding pursuant to CPLR article 78. The judgment granted in part and denied in part the petition and denied the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the petition insofar as it seeks disclosure of communications, subject to redaction pursuant to particularized and specific justification under Public Officers Law § 87 (2) and granting the petition to that extent, and by reinstating the petition insofar as it seeks an award of attorney's fees and costs pursuant to Public Officers Law § 89 (4) (c), and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to disclose records pursuant to the Freedom of Information Law ([FOIL] Public Officers Law § 84 et seq.)—including video footage, police reports, and certain communications—concerning a shooting that took place at or near Franklin High School in the City of Rochester. Petitioner also sought an award of attorney's fees. Petitioner appeals and respondent cross-appeals from a judgment that granted the petition only to the extent that it sought to compel disclosure of the requested video footage and police reports, subject to redaction.
Under FOIL, "[a]ll government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225 [2018], rearg denied 31 NY3d 1125 [2018]). The exemptions are to be
" 'narrowly construed' " (Gould, 89 NY2d at 275; see Matter of Hawley v Village of Penn Yan, 35 AD3d 1270, 1271 [4th Dept 2006], amended on rearg 38 AD3d 1371 [4th Dept 2007]), and the government agency bears the burden of demonstrating that " 'the material requested falls squarely within the ambit of one of [the] . . . exemptions' " (Abdur-Rashid, 31 NY3d at 225; see Matter of National Lawyers Guild, Buffalo Ch. v Erie County Sheriff's Off., 196 AD3d 1195, 1196 [4th Dept 2021]). To invoke one of the exemptions, the government agency "must articulate 'particularized and specific justification' for not disclosing requested documents" (Gould, 89 NY2d at 275; see Matter of Nix v New York State Div. of Criminal Justice Servs., 167 AD3d 1524, 1525 [4th Dept 2018], lv denied 33 NY3d 908 [2019]).
Addressing first the cross-appeal, we reject respondent's contention that Supreme Court [*2]erred in granting the petition insofar as it sought to compel disclosure of the requested video footage and police reports, and we conclude that the court properly determined that redaction of certain portions of those materials may be appropriate. To the extent that the video footage constitutes an education record that is specifically exempted from disclosure by federal statute (see Public Officers Law § 87 [2] [a]), here the Federal Educational Rights and Privacy Act, respondent should redact any personally identifiable information contained in those records (see 20 USC § 1232g [b] [2]; 34 CFR 99.31 [b] [1]; Easton Area Sch. Dist. v Miller, 659 Pa 606, 627-632, 232 A3d 716, 728-731 [2020]; Matter of Jewish Press, Inc. v Kingsborough Community Coll., 201 AD3d 547, 549 [1st Dept 2022]) and submit the redacted records to the court to conduct an in camera comparison of the redacted and original records. Although respondent contends that the video footage and police reports are exempt from disclosure under Public Officers Law
§ 87 (2) (e) (i) and (f), we conclude that respondent's broad allegation "is insufficient to overcome the presumption that the records are open for inspection . . . and categorically deny petitioner all access to the requested material" (Matter of Konigsberg v Coughlin, 68 NY2d 245, 251 [1986]). Respondent may, however, submit the video footage and police reports to the court for an in camera comparison of the redacted records to the originals if it believes certain material is contained within them is exempt from disclosure under Public Officers Law § 87 (2) (e) (i) and (f). If respondent establishes that the requested records contain material exempt under Public Officers Law § 87 (2) (a), (e) (i), or (f), "the appropriate remedy is . . . 'disclosure of all nonexempt, appropriately redacted material' " (Matter of Pflaum v Grattan, 116 AD3d 1103, 1105 [3d Dept 2014], quoting Gould, 89 NY2d at 275).
We agree with petitioner on its appeal that the court erred in denying the petition insofar as it sought to compel respondent to provide petitioner with access to the requested communications, and we therefore modify the judgment accordingly. In response to petitioner's FOIL request, respondent failed to demonstrate that the requested material qualifies for an exemption inasmuch as it did not articulate a " 'particularized and specific justification' for not disclosing" the requested communications (Gould, 89 NY2d at 275). Respondent now asserts for the first time that the requested communications were not reasonably described. Our review of the administrative determination, however, is limited to the grounds invoked by the agency in denying the FOIL request (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74-75 [2017]; Matter of Barry v O'Neill, 185 AD3d 503, 505 [1st Dept 2020]). Respondent therefore must provide the requested communications to petitioner "subject to any redactions or exemptions pursuant to a particularized and specific justification" for exempting any portion thereof (Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1407 [4th Dept 2022]).
In light of our determination, we agree with petitioner that the court erred in denying that part of the petition seeking attorney's fees and costs pursuant to Public Officers Law § 89 (4) (c), and we therefore further modify the judgment by reinstating the petition to that extent. Nevertheless, we further conclude that petitioner's contention that the court erred in failing to grant that part of the petition seeking attorney's fees and costs pursuant to Public Officers Law § 89 (4) (c) is premature (see Matter of Lane v Port Wash. Police Dist., 221 AD3d 698, 708 [2d Dept 2023]; see also Matter of Forsyth v City of Rochester [appeal No. 1], 185 AD3d 1499, 1500-1501 [4th Dept 2020]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court